IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLAH AKBAR BURMAN, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | Criminal No. L-01-0115 |
| | : | Civil No. L-08-941 |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner, Allah Akbar Burman, now serving a 360-month sentence, has moved *pro se* to

set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons stated herein, the

motion will be DENIED and the case DISMISSED.

I.      BACKGROUND

On January 29, 2003, a jury found Allah Akbar Burman guilty of possessing cocaine with

the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and of conspiring to distribute more

than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846.  Mr. Burman was sentenced before

this Court on May 30, 2003, receiving a sentence of 360 months in the custody of the Bureau of

Prisons, followed by 10 years of supervised release.  Docket No. 354.  Mr. Burman timely

appealed his sentence on June 4, 2003.  Docket No. 370.  The United States Court of Appeals for

the Fourth Circuit affirmed Mr. Burman's conviction, but vacated and remanded for resentencing

in accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220

(2005).  United States v. Burman, 151 F.App'x 260 (4th Cir. 2005), cert. denied, 546 U.S. 1205

(2006).  See Docket No. 432.

Mr. Burman was re-sentenced on May 17, 2006, receiving an amended judgment of 360

months imprisonment for each conviction, to be served concurrently, followed by 10 years of

supervised release.  See Docket No. 456.  On May 24, 2006, Mr. Burman filed a timely notice of

appeal.  Docket No. 457.  The Fourth Circuit upheld Mr. Burman's conviction and affirmed his

sentence of 360 months.  United States v. Burman, 225 F.App'x 198 (4th Cir. 2007).

On May 16, 2008, Mr. Burman filed an amended Motion to Vacate pursuant to 28 U.S.C.

§ 2255.  Docket No.  507.[1]  Mr. Burman filed on additional motion on May 16, 2008 pursuant to

Rule 60(b) of the Federal Rules of Civil Procedure ("Grounds for Relief from Final Judgment").

Docket No. 508.[2]  Mr. Burman asserts four grounds in support of his Motion to Vacate: (1)

insufficiency of the search and seizure warrant, (2) insufficiency of the arrest warrant, (3)

insufficiency of the indictment, and (4) breach of contract.  Mr. Burman asserts that each of these

grounds for relief is based upon the Government's "tacit admissions" and "conditional

acceptance."

The Government filed a Response in Opposition to Mr. Burman's Motion to Vacate on

August 28, 2008.  Docket No. 521.  Mr. Burman replied on April 23, 2009.  Docket No. 547.[3]

---

[1] By the Court's count, this is Mr. Burman's fifth motion filed pursuant to 28 U.S.C. § 2255.  While Mr. Burman's first appeal of his original sentence was still pending, he filed a Motion to Vacate which was denied as premature. See Docket Nos. 419, 436-437.  Subsequently, Mr. Burman filed two motions styled as Motions to Vacate prior to the Fourth Circuit's resolution of his appeal following his resentencing.  See Docket Nos. 477 and 478.  The Court dismissed these motions as premature on January 22, 2007.  See Docket Nos. 479-482.  On April 15, 2008, Mr. Burman filed a Motion to Vacate following the issuance of the Fourth Circuit's opinion affirming his amended judgment.  See Docket No. 503.  The Court granted him leave to file an amended Motion to Vacate on April 24, 2008.  See Docket No. 505.

[2] Mr. Burman has also filed a Rule 60(b) motion in the Western District of Oklahoma, which was construed as a challenge to the validity of his federal conviction pursuant to 28 U.S.C. § 2255.  The District Court dismissed the motion without prejudice, and the Tenth Circuit thereafter reversed and remanded to the District Court with instructions to dismiss *with prejudice*, in light of "the abusive and repetitive nature of Burman's filings in the Western District of Oklahoma."  Burman v. Scibana, 277 F.App'x 772, 774 (10th Cir. 2008).

[3] In the intervening months, Mr. Burman has filed a host of additional motions.  Currently pending on the Court's docket are the following motions (styled according to Mr. Burman's filings): (1) Motion In Nature Of Mandamus To Compel Officer Employee or Agency To Perform Duty (Docket No. 510); (2) Motion for demand of trial by jury (Docket No. 512); (3) Motion in pursuant of Rule 7 (Docket No. 513); (4) Motion in pursuant to self authentication Federal Civil Judicial Procedure and Rules Rule 902 (Docket No. 514); (5) MOTION for preliminary review (Docket No. 515); (6) Motion in pursuant of the answer and reply (Docket No. 516); (7) Motion in pursuant of clerical error (Docket No. 517); (8) Motion in pursuant for issuance of subpoena (Docket No. 518); (8) two separate Motions to Dismiss (Docket Nos. 522 and 536), and (9) Motion in the Nature of Writ of Error (Docket No. 554). The Court will construe each of these motions as duplicative of Mr. Burman's pending Motion to Vacate. Accordingly, they shall be dismissed as moot.

II.    ANALYSIS

    A.    <u>Rule 60(b) Motion for Relief from Final Judgment</u>

Rule 60(b) of the Federal Rules of Civil Procedure allows a Court to grant relief from a

final judgment for five enumerated reasons or "any other reason justifying relief from the

operation of the judgment." Fed. R. Civ. P. 60(b)(6).  The treatment of a Rule 60(b) motion in

the context of a habeas petition may be permitted, in certain circumstances, "depend[ing] on the

nature of the claims presented." <u>United States v. Winestock</u>, 340 F.3d 200, 206-07 (4th Cir.

2003).  The Court must treat Rule 60(b) motions as requesting improper successive collateral

review when "failing to do so would allow the applicant to evade the bar against relitigation of

claims" in a prior application.  <u>Id.</u> at 206 (internal citations and quotations omitted).  Generally, a

cognizable Rule 60(b) motion seeks to correct a defect in the collateral review process, while a

motion attacking the prisoner's conviction or sentence is deemed an impermissible successive

application.  <u>Id.</u>

Mr. Burman's Rule 60(b) motion does little to explain the grounds for relief other than

quoting the text from subsections (2), (3), (4), and (6) of the Federal Rule.  <u>See</u> Docket No. 508.

The Court finds the pleading is properly construed under 28 U.S.C. § 2255 and, therefore,

duplicative of Mr. Burman's pending Motion to Vacate.  <u>See</u> <u>Winestock</u>, 340 F.3d at 207

(motions styled under Rule 60(b) that contain "new legal arguments or proffers of additional

evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but

is instead continuing his collateral attack on his conviction or sentence").  Accordingly, the Rule

60(b) motion is hereby DISMISSED without prejudice for lack of subject matter jurisdiction.

    B.    <u>28 U.S.C. § 2255 Motion to Vacate</u>

Mr. Burman raises four arguments in his Motion to Vacate: (1) insufficiency of the

search and seizure warrant, (2) insufficiency of the arrest warrant, (3) insufficiency of the

indictment, and (4) breach of contract.  These arguments constitute a collateral attack of his

conviction based upon alleged errors that could have been raised on direct appeal.  In the Fourth

Circuit, when "a defendant has procedurally defaulted a claim by failing to raise it on direct

review, the claim must be recognized on habeas review only if the defendant can show both

cause and prejudice for the failure to raise the claim or can show that a miscarriage of justice

occurred."  United States v. Pregent, 190 F.3d 279, 284 n.5 (4th Cir. 1999).

The existence of "cause" for purposes of procedural default "must turn on something

external to the defense, such as the novelty of the claim or the denial of effective assistance of

counsel."  Stevenson v. United States, 594 F. Supp. 2d 695, 701 (4th Cir. 2009) (citing United

States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999)).  Moreover, "in order to demonstrate

that a miscarriage of justice would result from the refusal of the court to entertain the collateral

attack, a movant must show actual innocence by clear and convincing evidence."  Id.

Mr. Burman previously challenged the sufficiency of the search warrant and the

indictment during the pre-trial phase.  See Docket No. 220 (order denying motion to suppress

evidence resulting from a search and seizure); Docket No. 226 (order denying motion to dismiss

the indictment).  In addition, Mr. Burman "raise[d] a litany of challenges to his conviction" on

appeal to the Fourth Circuit, all of which were deemed "meritless."  See United States v.

Burman, 151 F.App'x 260, 261-62 (4th Cir. 2005).  Mr. Burman explains, however, that the

arguments raised in his Motion to Vacate have not "been raised before" because neither his

court-appointed or retained attorneys would argue them.  See Docket No. 507.  His attorneys'

apparent refusal to raise these arguments on direct appeal, however, only signals to the Court the

likelihood that the grounds now asserted were considered to be without merit at the time.

Accordingly, Mr. Burman's § 2255 petition fails to provide any legitimate cause for his failure to

raise these claims on his two direct appeals.  Nor has he made any showing that a miscarriage of

justice will occur by the Court's denial of his attempt to collaterally attack his sentence.

To the extent that Mr. Burman has failed to raise these claims on direct appeal and does

not show cause excusing that failure, see United States v. Frady, 456 U.S. 152, 165 (1982), has

raised non-constitutional claims which he failed to assert on direct appeal (foreclosing them from

collateral review altogether), see Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976), or has

duplicated claims that were raised in his direct appeal (which may not be renewed as a basis for

collateral relief), see Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), the

claims asserted in his § 2255 motion are now procedurally defaulted.  See United States v.

Talbott, 26 F.App'x 167, 168 (4th Cir. 2001) (unpublished).

III.    CONCLUSION

For the reasons stated herein, Mr. Burman's Motion to Vacate will be DENIED and his

case DISMISSED.  A separate Order follows.



It is so ORDERED this 29th day of July, 2009.


                                                    _____/s/_____
                                                    Benson Everett Legg
                                                    Chief Judge