## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIMINAL NO. JKB-01-0115** |
| **ALLAH BURMAN,** | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM

Allah Burman's Motion for Compassionate Release comes before the Court on remand from the Court of Appeals for the Fourth Circuit. For the reasons set forth below, the Court will deny Burman's Motion.

### I.    *Factual and Procedural Background*

#### a.    *Factual Background*

Burman was convicted by a jury of conspiracy to distribute with intent to distribute narcotics in violation of 21 U.S.C. § 846 (Count One) and possession with intent to distribute narcotics in violation 21 U.S.C. § 841(a)(1) (Count Three). (Presentence Report ("PSR") ¶¶ 1–2.)

As described in the PSR:

> The evidence at trial established that from April 2000 to March 2001, Allah Burman . . . and others traveled from Baltimore to Texas to purchase kilograms of cocaine which they resold in Baltimore. Testimony established that Burman purchased and resold between 15-50 kilograms of cocaine. In addition, Burman recruited numerous couriers to transport cocaine from Texas to his customers in Maryland, paying them $1,000/kilo and their airfare and incidental expenses. During the course of the investigation, agents seized approximately 5 kilograms of cocaine as well as firearms, including a loaded semiautomatic hidden between the mattresses in Burman's bedroom. . . . The evidence established that Burman used his residence as a stash house location, storing kilograms of cocaine in the garage attic, and as a transit point for couriers. . . .

> Pending trial, Burman wrote a letter to . . . a federal detainee housed with government witness [name omitted].  In that letter, Burman had spoken threateningly about the cooperator and warned that [name omitted] was a snitch who was responsible for the indictment of a number of people.  As Trevor Beckett was being transported to court to testify in <u>United States v. Burman,</u> Burman, in the company of another male yelled out that [name omitted] was a rat.

(*Id.* ¶¶ 7, 8, 11.)

Based on the facts presented at trial, Burman's criminal activity involved 15 to 50 kilograms of cocaine, resulting in a base offense level of 34.  (*Id.* ¶ 15.)  Two points were added for the recovery of the loaded semi-automatic handgun, four points were added for leader/organizer conduct, and two additional points were added for obstruction of justice due to Burman's comments about the government witness.  (*Id.* ¶¶ 16, 18, 19.)  His final adjusted offense level was 42 and his criminal history category was determined to be Category III.  (*Id.* ¶ 20, 36.)  The guideline range for imprisonment was 360 months to life.  (*Id.* ¶¶ 43.)  Further, "[t]he government filed a notice for enhanced penalties, pursuant to 21 U.S.C. § 851(a), which increased the mandatory minimum sentences on Count One and increased the minimum and maximum terms of imprisonment on Count Three."  (*Id.* ¶ 42.)  Burman was sentenced to 360 months.

In a direct appeal, the Fourth Circuit affirmed his conviction but remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005).  *See United States v. Burman*, No. 21-7200, 2023 WL 4231740, at *2 (4th Cir. June 28, 2023) (discussing the procedural history of this case).  At his resentencing, the Court "confirmed and accepted the findings and calculations in the presentence report and determined that a sentence of 360 months, at the bottom of his advisory Guidelines range, was appropriate based on its consideration of the factors under 18 U.S.C. § 3553(a)."  *Id.*  The Court "also found that Burman was subject to an enhanced penalty due to the Government's 21 U.S.C. § 851 notice, but the enhancement did not ultimately affect his sentence, because it was within the statutory penalties that would apply without the § 851

enhancement." *Id.*

### b. *Motion for Compassionate Release and Appeal*

Burman filed two *pro se* motions for compassionate release and, after he was appointed counsel, counsel filed a motion for compassionate release on Burman's behalf. (ECF Nos. 679, 682, 684.) Burman argued that he presented extraordinary and compelling reasons due to: (1) the disparity in his original sentence and the much lower sentence he would receive if sentenced today; (2) the disparity between his sentence and the sentences received by his co-defendants; and (3) the fact that he no longer qualifies for an enhanced mandatory minimum sentence under 21 U.S.C. § 851. (*See generally* ECF No. 684.) He also argued that the § 3553(a) factors weighed in favor of a lower sentence. (*Id.*)

On August 12, 2021, the Court denied Burman's Motion for Compassionate Release. The Court "recognize[d] that Burman's sentence is above average in terms of its length" but concluded that "his release is not justified by the § 3553(a) factors." (ECF No. 691 at 3–4.) However, in discussing the § 3553(a) factors, the Court noted that "Burman participated in a large conspiracy to distribute between fifteen and fifty kilograms of cocaine base." (*Id.* at 4–5.) As the Fourth Circuit explained in vacating and remanding the Court's denial of Burman's Motion, the Court's reference to cocaine base was in error, as Burman was convicted of a cocaine-related offense.

The Fourth Circuit concluded that "the court abused its discretion in relying on the erroneous factual premise that he participated in a conspiracy to distribute 15 to 50 kilograms of cocaine base" and that the error was not harmless because "[i]f he were responsible for 15 to 50 kilograms of cocaine base rather than cocaine, his Guidelines range under the current Sentencing Guidelines would be life in prison; and the error therefore affects the court's analysis of the § 3553(a) factors." *Burman*, 2023 WL 4231740, at *3.

3

## II.    Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In assessing a motion for compassionate release, the Court can "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (citation and quotations omitted).[1] Section 3553(a) provides that a court shall consider various factors in imposing a sentence, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the kinds of sentence and the sentencing range; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## III.   Analysis

As the Court previously explained, it acknowledges that Burman's sentence appears to be above-average in terms of its length. The length of Burman's sentence and the other arguments he raises may well provide extraordinary and compelling circumstances under § 3582(c)(1)(A). However, the Court need not determine whether Burman has presented extraordinary and compelling reasons justifying his release because it concludes that the § 3553(a) factors do not

---

[1] As the Court explained in more detail previously, the Court must also consider whether the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). When the Fourth Circuit decided *McCoy*, there were no applicable policy statements, and therefore district courts could consider any extraordinary and compelling reason that a defendant might raise. *See United States v. Brown*, Crim. No. JKB-08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023). In November 2023, newly amended Sentencing Guidelines went into effect, which do address detainee-filed compassionate release motions. *Id.* The new Guidelines include a catchall provision that "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." *Id.* Thus, the Court continues to consider any extraordinary and compelling reasons that a defendant raises.

4

weigh in favor of a reduced sentence.

In particular, Burman's crime was a serious one involving 15 to 50 kilograms of cocaine and was made all the more serious by his possession of a firearm, his leader/organizer conduct, and his conduct toward a cooperator. The Court recognizes that Burman's sentence may be lengthier than the sentences of his co-defendants, but finds that any difference is warranted given these aggravating factors. Further, the Court continues to find that specific deterrence is an important factor in this case. Burman had a Criminal History Category of III, due to the serious crime of felony theft, and he otherwise had a lengthy criminal record, although the Court recognizes that much of his criminal conduct occurred when he was not yet 18. The Court also finds troubling Burman's lengthy disciplinary record while incarcerated. While many infractions are relatively minor, his disciplinary record also reflects serious infractions, including threatening bodily harm in 2019 and possession of a dangerous weapon in 2015. (ECF No. 684-1 at 5; ECF No. 688-3 at 1, 3 (explaining that he "would not submit to restrains for cell search and said he would harm staff if they entered the cell" and that he was sanctioned for "possessing a dangerous weapon.") Burman's post-sentencing conduct "provides the most up-to-date picture of [his] 'history and characteristics[.]'" *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)). His post-sentencing conduct strongly weighs against a reduction in his sentence.

## IV. *Conclusion*

Accordingly, it is ORDERED that:

1. Burman's Motion for Compassionate Release (ECF Nos. 679, 682, 684) is DENIED;

2. Burman's Motions in which he seeks for the Court to reconsider his Motion for

Compassionate Release (ECF Nos. 706, 707) are DENIED insofar as they seek any relief other than the Court's consideration of his Motion in view of the Fourth Circuit's remand.

DATED this _8_ day of February, 2024.

BY THE COURT:

_James K. Bredar_

James K. Bredar
Chief Judge